*San Bernandino County Superior Court*
*Case No.: CIVVS1200905*

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.   **EDCV 12-566-JFW (OPx)**                                               Date:  May 3, 2012

Title:          Katerra Davis *-v-* Target Corporation, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| **Shannon Reilly** | **None Present** |
|---|---|
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER REMANDING ACTION TO SAN BERNARDINO COUNTY SUPERIOR COURT**

On February 22, 2012, Plaintiff Katerra Davis ("Plaintiff") filed a Complaint against Defendants Target Corporation and Scott Taylor in Los Angeles County Superior Court.  On April 17, 2012, Defendant Target Corporation ("Target") filed a Notice of Removal of Civil Action ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  Because Target has not met its burden of demonstrating that the parties are completely diverse and that Defendant Scott Taylor has been fraudulently joined, this action shall be remanded.

Initials of Deputy Clerk   sr

According to Plaintiff's Complaint and Target's Notice of Removal, both Plaintiff and Defendant Scott Taylor are citizens of California. Target argues, however, that Defendant Taylor has been fraudulently joined, and thus that his presence in the lawsuit should be ignored.

"Although an action may removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in-state defendant. *See id.* at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

The Court finds that Target has not carried its heavy burden of demonstrating that Defendant Scott Taylor has been fraudulently joined. In her Complaint filed on February 22, 2012, Plaintiff asserts only one claim for disability harassment against Defendant Taylor. Target claims that Plaintiff cannot possibly prevail on this claim for relief against Defendant Taylor because: (1) all of the actions she attributes to Defendant Taylor consist entirely of personnel management decisions; and (2) she does not plead facts sufficient to support a *prima facie* claim for disability harassment.

The Court cannot conclude at this stage that Plaintiff has no possibility of stating a claim for disability harassment against Defendant Taylor. The *Janken* court explicitly stated "that liability for harassment, which extends to 'any person' and hence extends to 'individuals,' encompasses individual supervisory employees." *Janken v. G.M. Hughes Elecs.*, 46 Cal. App. 4th 55, 65 (1996). Plaintiff alleges that Defendant Taylor harassed her by, for example, "consistently belittl[ing]" her. Complaint at ¶ 12. If these allegations are credited, Defendant Taylor could be liable for harassment.

"Parties may not expand federal jurisdiction beyond its statutory boundaries by using

fraudulent joinder-based removal as a replacement for a state court demurrer." *See, e.g., Lizari v. CVS Pharmacy Inc.*, 2011 WL 223806, at *3 (C.D. Cal. Jan. 20, 2011). Accordingly, this action is **REMANDED** to San Bernardino County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.